UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MATTHEW CHRISTIE,                                 :
                                                  :
                                Plaintiff,        :
                                                  :     **ECF CASE**
                    v.                             :
                                                  :     12 Civ. 3406 (CM)
VERIZON COMMUNICATIONS, INC. and VERIZON           :
NEW YORK, INC.,                                    :
                                                  :
                                Defendants.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Verizon Communications Inc. and Verizon New York Inc. (together, "Defendants") hereby respond to Plaintiff Matthew Christie's ("Plaintiff") Complaint as follows:[1]

1.      To the extent that this Paragraph contains conclusions of law, no response is required.  To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 1.

2.      To the extent that this Paragraph contains conclusions of law, no response is required.  To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 2.

3.      To the extent that this Paragraph contains conclusions of law, no response is required.  To the extent that a response to this Paragraph is deemed required, Defendants deny the allegations in Paragraph 3.

4.      Defendants admit that Plaintiff is and has been employed by Verizon New York Inc. as a Field Technician.  Upon information and belief, Defendants state that Plaintiff resides in

---

[1] Any and all headings or titles contained in the Complaint are hereby denied by Defendants.

Brooklyn, New York.  To the extent that the remaining allegations in this Paragraph contain

conclusions of law, no response is required.  To the extent that a further response to this

Paragraph is deemed required, Defendants deny the remaining allegations in Paragraph 4.

5.       To the extent that this Paragraph contains conclusions of law, no response is

required.  To the extent that a response to this Paragraph is deemed required, Defendants deny

the allegations in Paragraph 5.

6.       To the extent that this Paragraph contains conclusions of law, no response is

required.  To the extent that a response to this Paragraph is deemed required, Defendants deny

the allegations in Paragraph 6.

7.       To the extent that this Paragraph contains conclusions of law, no response is

required.  To the extent that a response to this Paragraph is deemed required, Defendants deny

the allegations in Paragraph 7.

**FIRST CAUSE OF ACTION**

8.       Defendants admit that the Absence Reporting Center ("ARC"), Absence

Administrators or Managers, individual supervisors, and other personnel are responsible for

various aspects of responding to and processing employee requests for any type of medical leave.

Defendants deny the remaining allegations contained in Paragraph 8.

9.       Defendants admit that an employee seeking Family Medical Leave Act

("FMLA") leave must provide a valid medical certification within 25 days from the date the

absence is reported into the Absence Management Tracking System.  Defendants deny the

remaining allegations contained in Paragraph 9.

10.      Defendants admit the allegations contained in Paragraph 10.

11.      Defendants admit that employees who are denied FMLA-covered leave may

appeal the decision through the Administrative Review process.  Defendants further admit that

employees typically may request Administrative Review within 14 days of the date of the denial

letter.  Defendants deny the remaining allegations in Paragraph 11.

12.	Defendants deny the allegations in Paragraph 12.

13.	Defendants admit that Plaintiff was absent from work from March 17, 2009 to

March 21, 2009.  To the extent that the remaining allegations in this Paragraph contain

conclusions of law, no response is required.  To the extent that a further response to this

Paragraph is deemed required, Defendants deny the remaining allegations in Paragraph 13.

14.	Defendants admit the allegations in Paragraph 14.

15.	Defendants admit the allegations in Paragraph 15.

16.	Defendants admit that Plaintiff submitted a second FMLA certification form

related to his March 17, 2009 absence on or about April 28, 2009.  Defendants deny the

remaining allegations in Paragraph 16.

17.	Defendants deny the allegations in Paragraph 17.

18.	Defendants admit that Plaintiff was placed on Step 2 of the Absence Control Plan

in or about May 2009.  Defendants deny the remaining allegations in Paragraph 18.

19.	Defendants deny the allegations in Paragraph 19.

20.	To the extent that this Paragraph contains conclusions of law, no response is

required.  To the extent that a response to this Paragraph is deemed required, Defendants deny

the allegations in Paragraph 20.

## **PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief sought or asserted in his

Complaint and deny any violation of the FMLA.

14591911v.2

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.  Defendants further aver that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserve their right to assert additional defenses should the precise nature of Plaintiff's claims become clear.

### FIRST DEFENSE

To the extent that Plaintiff has failed to mitigate his damages, he is barred from relief.

### SECOND DEFENSE

Plaintiff's claim is barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches, or barred in whole or part by the doctrine of laches because such claim has been waived, discharged, and/or abandoned.

### THIRD DEFENSE

Plaintiff's claim is barred in whole or in part by the doctrine of waiver.

### FOURTH DEFENSE

Plaintiff has acquiesced or consented to the matters alleged in the Complaint.

### FIFTH DEFENSE

Defendants are not covered employers and Plaintiffs is not an eligible employee pursuant to the FMLA.

### SIXTH DEFENSE

Defendants at all times acted in good faith and had reasonable grounds for any conduct involving Plaintiff, and therefore cannot be liable for liquidated damages.

### SEVENTH DEFENSE

Defendants' conduct did not cause any of the alleged injuries to Plaintiff.

14591911v.2

## EIGHTH DEFENSE

Plaintiff's claim may be barred in whole or in part by failure to satisfy jurisdictional prerequisites.

## NINTH DEFENSE

Plaintiff's claim may be preempted by the terms of applicable collective bargaining agreements between the parties.

## TENTH DEFENSE

There is no causal connection between any request by Plaintiff for FMLA leave and any decision to discipline him.

## ELEVENTH DEFENSE

Plaintiff's Complaint fails to state a claim for which relief may be granted.

## TWELFTH DEFENSE

Plaintiff's claim for punitive damages is barred, in whole or in part, because Defendants promulgated firm policies against illegal workplace behavior and otherwise exercised reasonable care and employed good-faith efforts to prevent and correct promptly any alleged illegal behavior, and Plaintiff unreasonably failed to promptly take advantage of the preventative or corrective opportunities provided or to avoid harm otherwise.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to any penalty, multiplication of damages, or extension of any statute of limitations period because Defendants did not willfully, knowingly, or intentionally fail to comply with the FMLA.

14591911v.2

### FOURTEENTH DEFENSE

Plaintiff's Complaint, and each purported claim contained therein, is barred in whole or in part because all decisions with respect to Plaintiff's employment were made by for legitimate, non-retaliatory, and non-pretextual reasons.

### FIFTEENTH DEFENSE

Plaintiff's Complaint, and each purported claim contained therein, is barred in whole or in part by the doctrine of unclean hands.

### SIXTEENTH DEFENSE

Plaintiff's Complaint, and each purported claim contained therein, is barred in whole or in part by the doctrine of estoppel, quasi-estoppel, and/or equitable estoppel.

### SEVENTEENTH DEFENSE

Plaintiff's Complaint, and each purported claim therein, is barred in whole or in part because Defendants each exercised reasonable care to prevent and correct promptly any potential FMLA violations.  Further, Plaintiff did not provide Defendants with notice of the violations, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants and/or avoid harm otherwise.

### EIGHTEENTH DEFENSE

Defendants have acted in good faith and established and complied with policies, programs, and procedures for the prevention and detection of unlawful human resources practices as required by law.

### NINETEENTH DEFENSE

Defendants expressly reserve all affirmative defenses, rights, and remedies at law and in equity, as well as the right to amend this Answer to add any additional or affirmative defenses or counterclaims which may become known during discovery.

14591911v.2

WHEREFORE, having fully answered the Complaint, Defendants pray for relief as follows:

a.      that the Court dismiss the Complaint with prejudice and that Plaintiff takes nothing for his purported causes of action against them;

b.      that Defendants be awarded their costs, disbursements, and attorneys' fees as permitted by law; and

c.      that Defendants be awarded such other and further relief as this Court deems just and equitable.

Dated: New York, New York          SEYFARTH SHAW LLP
       July 3, 2012


                    By:_____s/Lorie E. Almon_____
                        Lorie E. Almon
                        [lalmon@seyfarth.com]
                  620 Eighth Avenue, 32nd Floor
                  New York, New York  10018
                  (212) 218-5500 (phone)
                  (212) 218-5526 (fax)

                  Beth G. Foley*
                  [bgobeille@seyfarth.com]
                  World Trade Center East
                  Two Seaport Lane, Suite 300
                  Boston, Massachusetts  02210
                  (617) 946-8304 (phone)
                  (617) 946-4801 (fax)

                  *Attorneys for Defendants*
                  *Verizon Communications Inc.*
                  *Verizon New York Inc.*

                  *\* Motion for Admission Pro Hac Vice*
                  *to be filed.*

14591911v.2

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2012, I filed the foregoing Defendants' Answer to

Plaintiff's Complaint with the Clerk of the District Court electronically using the CM/ECF

system, which sent email notification of such filing to Plaintiffs' counsel listed below:

> Gabrielle Gayla Semel
> Semel, Young & Norum
> 350 Seventh Avenue, 18th Floor
> New York, New York  10001
> Email: gsemel@cwa-union.org
>
> Mary K. O'Melveny
> 501 3rd Street, N.W., 8th Floor
> Washington, D.C. 20001
> Email: maryo@cwa-union.org
>
> Daniel E. Clifton
> Elaine L. Smith
> Lewis Clifton Nikolaidis P.C.
> 350 Seventh Avenue
> New York, New York  10001-1931
> Email:    dclifton@lcnlaw.com
>             esmith@lcnlaw.com

                          s/ Lorie Almon
                        Lorie Almon

14591911v.2