UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
MATTHEW CHRISTIE,

        Plaintiff,

  v.

VERIZON COMMUNICATIONS, INC. and VERIZON
NEW YORK, INC.,

        Defendants.
---------------------------------------- x

**ECF CASE**

12 Civ. 3406 (CM)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/12

## CIVIL CASE MANAGEMENT PLAN

(for all cases except patent, IDEA and ERISA benefits cases,
and cases subject to the Private Securities Litigation Reform Act)

1. This case is to be tried to a jury.

2. Discovery pursuant to Fed. R. Civ. P. 26(a) shall be exchanged by **August 31, 2012.**

3. No additional parties may be joined after **September 28, 2012.**

4. No pleading may be amended after **September 28, 2012.**

5. This case is not brought pursuant to 42 U.S.C. § 1983.

6. All discovery, *including expert discovery*, must be completed on or before **December 14, 2012.** (For personal injury, civil rights, employment discrimination or medical malpractice cases only): Plaintiff's deposition shall be taken first, and shall be completed by **November 2, 2012.** PLEASE NOTE: the phrase "all discovery, including expert discovery" means that the parties must select and disclose their experts' identities and opinions, as required by Fed. R. Civ. P. 26(a)(2)(B), *well before* the expiration of the discovery period. Expert disclosures conforming with Rule 26 must be made no later than the following dates: Plaintiff(s) expert report(s) by **November 9, 2012**; Defendant(s) expert report(s) by **November 20, 2012.**

14671832v.2

7. Judge McMahon's Rules governing electronic discovery apply automatically to this case. The parties must comply with those rules unless they supersede it with a consent order. The text of the order will be found at www.nysd.uscourts.gov.

8. Discovery disputes in this case will be resolved by the assigned Magistrate Judge, who is Magistrate Judge Dolinger. The first time there is a discovery dispute that counsel cannot resolve on their own, notify Judge McMahon's Chambers by letter and she will sign an order referring your case to the Magistrate Judge for discovery supervision. Thereafter, go directly to the Magistrate Judge for resolution of discovery disputes; do not contact Judge McMahon. Discovery disputes do not result in any extension of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge McMahon does not routinely grant extensions so counsel are warned that it they wait until the last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find themselves precluded from taking discovery because they have run out of time.

9. A joint pre-trial order in the form prescribed in Judge McMahon's individual rules, together with all other pre-trial submissions required by those rules (not including *in limine* motions), shall be submitted on or before **January 28, 2013**. Following submission of the joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In limine* motions must be filed within five days of receiving notice of the final pre-trial conference; responses to *in limine* motions are due five days after the motions are made. Cases may be called for trial at any time following the final pre-trial conference.

14671832v.2

10. No motion for summary judgment may be served after the date the pre-trial order is due. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pre-trial order and other pre-trial submissions on the assigned date.*

11. The parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. Section 636(c).

12. This scheduling order may be altered or amended only on a showing of good cause that is not foreseeable at the time this order is entered. *Counsel should not assume that extensions will be granted as a matter of routine.*

By: _____
Daniel E. Clifton
Elaine L. Smith
Lewis Clifton Nikolaidis P.C.
350 Seventh Avenue
New York, New York 10001-1931
Email: dclifton@lcnlaw.com
esmith@lcnlaw.com

Gabrielle Gayla Semel
350 Seventh Avenue, 18th Floor
New York, New York 10001
Phone: (212) 419-1550
Fax: (212) 419-1555
Email: gsemel@cwa-union.org

Mary K. O'Melveny
501 3rd Street, N.W., 8th Floor
Washington, D.C. 20001
Email: maryo@cwa-union.org

*Attorneys for Plaintiffs*

SEYFARTH SHAW LLP

By: _____
Lorie E. Almon
620 Eighth Avenue, Suite 3200
New York, New York 10018
Phone: (212) 218-5500
Fax: (212) 218-5526
lalmon@seyfarth.com

Beth G. Foley*
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
Phone: (617) 946-8304
Fax: (617) 946-4801
bfoley@seyfarth.com

*Attorneys for Defendants
Verizon Communications Inc.
Verizon New York Inc.*

* *Motion for Admission Pro Hac Vice to be filed.*

SO ORDERED:

_____
The Honorable Colleen McMahon
United States District Judge

Dated: New York, New York
July 24, 2012

-4-